

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2008

# In Re: Herbert Locki

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Herbert Locki " (2008). *2008 Decisions.* Paper 258.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/258

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2072
_____

IN RE: HERBERT LOCKINGS,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-04837)
District Judge: Honorable Thomas M. Golden

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 9, 2008

Before: RENDELL, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: November 5, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

This is an appeal from the District Court's order affirming the Bankruptcy Court's

order that denied Appellant's motion to reopen his Chapter 13 bankruptcy case. For the

reasons that follow, we will affirm.

I.

Appellant, Herbert Lockings, was the sole shareholder of H. Lockings Corporation (the "Corporation"). On October 4, 2004, the Corporation filed a Chapter 11 bankruptcy petition in an effort to stave off the sheriff's sale of its primary asset, real property located at 4942-44-46 Parkside Avenue in Philadelphia (the "Property"). The Property had been listed for sheriff's sale in a foreclosure action brought by Fundex Capital Corporation ("Fundex Capital"), which held a $400,000 mortgage on the Property. As a result of the bankruptcy petition, an automatic stay was entered precluding Fundex Capital from proceeding with the sale.

On October 22, 2004, Fundex Capital filed a motion for relief from the automatic stay, seeking permission to resume its foreclosure and re-list the Property for sheriff's sale. The Bankruptcy Court granted Fundex Capital's motion, and, on April 8, 2005, Fundex Capital filed a writ of execution against the Corporation and John Lockings, a relative who apparently owned an interest in the Property.[1] Fundex Capital did not name Lockings in the writ of execution because he had no interest in the Property. In June 2005, Fundex Capital acquired the Property at the sheriff's sale and conveyed it to one of its affiliates, Bridge Funding Properties. The Property was later resold to Parkside Partners, L.P. ("Parkside").

Meanwhile, in April 2005, Lockings had filed a personal Chapter 13 bankruptcy

_____

[1] The Writ of Execution also named the United States because federal tax liens had been filed against the Property. See 28 U.S.C. § 2410.

petition. On December 8, 2005, the bankruptcy case was dismissed on the unopposed motion of the Chapter 13 Trustee, and, by order entered February 28, 2006, the case was closed. Approximately six months later, however, Lockings filed a motion to reopen the Chapter 13 case in order to set aside the sale of the Property. In his pro se motion, Lockings argued that the sale violated the automatic stay that had been in place in his personal Chapter 13 case.

On October 4, 2006, following a hearing, the Bankruptcy Court summarily denied Lockings's motion to reopen, explaining that because Lockings did not hold any legal interest in the Property, the stay in place in his Chapter 13 case did not preclude Fundex Capital from completing its foreclosure action against the Corporation. Upon review, the District Court affirmed the Bankruptcy Court's order. The present appeal followed.

After the appeal was docketed in this Court, Appellant filed a motion to "strike" Parkside from the appeal, arguing that it is not a proper party to this appeal. Appellant then moved for summary reversal of the District Court's order affirming the Bankruptcy Court's decision.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d) and 1291. The District court had appellate jurisdiction to review the Bankruptcy Court's order under 28 U.S.C. § 158(a). In reviewing a determination of the Bankruptcy Court, we exercise the same standard of review as the District Court, subjecting the Bankruptcy Court's legal

3

determinations to plenary review, reviewing its factual findings for clear error, and considering its exercise of discretion for abuse thereof. In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005). Pursuant to the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). We review a bankruptcy court's decision denying a motion to reopen for abuse of discretion. Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997).

Upon review, we agree with the District Court's determination that the Bankruptcy Court acted within its discretion in summarily denying Lockings's motion to reopen. As the District Court explained, the record reflects that Lockings did not possess a legal or equitable interest in the Property. Therefore, Fundex Capital did not violate the automatic stay in Lockings's Chapter 13 case when it sold the Property. See 11 U.S.C. § 362(a). The fact that Lockings was the sole shareholder in the Corporation does not render the Corporation's property part of his estate. See Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 348 (3d Cir. 2001) ("In Pennsylvania, as in almost every other state, "a corporation is a distinct and separate entity, irrespective of the persons who own all its stock.") (internal quotations omitted). Furthermore, Lockings's obligation to Fundex Capital under the mortgage agreement does not somehow bring the Property—in which he owns no interest—within the protection of the stay. Therefore, we agree with the District Court and the Bankruptcy

4

Court that the stay in Lockings's personal bankruptcy case was not violated by Fundex Capital's sale of the Property in the Corporation's bankruptcy proceedings. Accordingly, because no substantial question is presented by this appeal, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Lockings's motion for summary reversal will be denied.[2]

Lockings has also asked this Court to enter an order dismissing Parkside, the current owners of the Property, from the appeal. According to Lockings, Parkside should not be recognized as an appellee because the company failed to formally intervene in either the bankruptcy proceedings or the District Court action.

Parkside became involved in the District Court action in December 2007, when the company first learned of Lockings's motion to reopen. At that time, the District Court granted Parkside additional time to respond to the motion to reopen, and they subsequently submitted an opposing brief. It appears that Lockings's attorney consented to the extension, and that Lockings did not raise any other objections to Parkside's involvement in the case. Under these circumstances, we see no reason why Parkside should be dismissed from this appeal.

---

2To the extent that Lockings attempts to challenge the value at which the Property was assessed in connection with the writ of execution, he must bring such a challenge in the Corporate bankruptcy case.